IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HARVEY THOMASON,

    Plaintiff,

vs.                                                           Civ. No. 03-1275 JP/ACT

NEW MEXICO SUITE, INC.,
d/b/a AMBERLEY SUITE HOTEL
OF ALBUQUERQUE, and JOHN
DOES 1 through 10,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On November 18, 2003, the Plaintiff filed a Motion to Remand (Doc. No. 3) in which he argued that Defendant New Mexico Suite, Inc., d/b/a Amberley Suite Hotel of Albuquerque (Defendant) improperly removed this case to federal court based on diversity jurisdiction. More specifically, the Plaintiff argued that there is no diversity jurisdiction because the Defendant failed to demonstrate that the amount in controversy in this case meets or exceeds $75,000. The Plaintiff also requested in his Motion to Remand that the Court award him attorney's fees and costs under 28 U.S.C. §1447(c). The Defendant did not respond to the Motion to Remand in this Court. Instead, the Defendant inadvertently filed a response to the Plaintiff's Motion to Remand in state court. On December 12, 2003, this Court granted the Motion to Remand based on the Defendant's failure to respond to the Motion to Remand and on the factual information provided in the Motion to Remand. Order of Remand (Doc. No. 6). Although the Court granted the Plaintiff's Motion to Remand, the Court did not explicitly grant the Plaintiff's request for attorney's fees and costs. *Id.* On December 29, 2003, the Plaintiff filed a Motion for Attorney's

Fees on Motion for Remand (Doc. No. 7). Plaintiff's motion for attorney's fees is now fully briefed. Having considered the briefs and relevant law, the Court finds that the Plaintiff's motion for attorney's fees should be granted in part.

A.  Background

This is a personal injury lawsuit resulting from the Plaintiff's inhalation of chlorine at the Amberly Suite Hotel of Albuquerque on October 21, 2001. The Emergency Medical Field Form filled out at the time of the chlorine inhalation incident indicates that the Plaintiff was stable and in a non-critical condition. The Plaintiff, in fact, refused treatment at that time.

The Complaint for Damages Due to Personal Injury (Complaint) seeks both compensatory and punitive damages. The Complaint, however, does not seek a specified amount of damages. *See* Rule 1-010(B) NMRA ("Unless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount."). On October 3, 2003, the Plaintiff filed in state court a Court-Annexed Arbitration Certification showing that the Plaintiff is seeking relief in excess of $25,000, exclusive of punitive damages, interest, costs and attorney's fees. On November 17, 2003, the Veterans Administration provided Plaintiff with documentation indicating that Plaintiff incurred $508.00 in medical expenses as a result of the chlorine inhalation. Also on November 17, 2003, the Plaintiff made a $30,000 demand for settlement on the Defendant which the Defendant subsequently refused. In a letter dated November 24, 2003, Defendant's counsel asked Plaintiff's counsel, Mr. Thomas Stribling, whether the Plaintiff would stipulate that he is not seeking damages in excess of $75,000. In a letter dated December 2, 2003, Mr. Stribling indicated that the Plaintiff would not make that kind of stipulation.

B. Discussion

In his motion the Plaintiff seeks an award of attorney's fees under §1447(c) amounting to $1,500.00, plus a gross receipts tax of $87.18.  The Defendant opposes the Plaintiff's request for attorney's fees for three reasons.  First, the Defendant notes that the Court did not award attorney's fees in the Order of Remand.  The Order of Remand, however, does not explicitly deny the Plaintiff's request for attorney's fees and costs.  The Order of Remand, therefore, does not bar Plaintiff's motion for attorney's fees.

Second, the Defendant argues that the Plaintiff is not entitled to attorney's fees under §1447(c) because the Defendant had a good faith basis for removing this case to federal court.  The decision to award attorney's fees and costs under §1447(c) is discretionary.  *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997).  Moreover, the district court does not have to find that the defendant removed the state court action in bad faith before the district court can award attorney's fees and costs under §1447(c).  *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir.), *cert. denied*, 511 U.S. 1082 (1994).  The key factor in determining whether attorney's fees and costs should be awarded is the propriety of the removal.  *Id*. (quoting *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993)).  Accordingly, if the district court finds that the defendant acted in good faith and had a fair basis for removing the case, then the district court is justified in denying a plaintiff's request for attorney's fees and costs under §1447(c).  *Id*.

The Defendant contends that it acted in good faith and had a fair basis in believing that the amount in controversy exceeds $75,000 because the Plaintiff refused to stipulate that he would not seek damages in excess of $75,000.  This argument, however, is without merit.  The Defendant did not ask the Plaintiff to stipulate that he would not seek damages in excess of

3

$75,000 until November 24, 2003, well after the Defendant removed this case. Apparently, the only information the Defendant had at the time of removal was the information contained in the Court-Annexed Arbitration Certification which indicates that the Plaintiff is seeking damages in excess of $25,000, exclusive of punitive damages, interest, costs and attorney's fees. Under those circumstances, it is difficult to find that the Defendant acted in good faith and had a fair basis at the time of removal for concluding that Plaintiff's damages would reasonably exceed $75,000 and that the Court would, therefore, have diversity jurisdiction. Consequently, the Plaintiff is entitled to an award of attorney's fees under §1447(c).

Finally, the Defendant objects to an award of attorney's fees because the Plaintiff failed to comply with D.N.M. LR-Cv 54.5 when he filed his motion for attorney's fees. Local Rule 54.5 states that when an attorney files a motion for attorney's fees, the "[m]ovant must submit a supporting brief and evidence (affidavits and time records)." In this case, the Plaintiff did not submit an affidavit or time records with his motion for attorney's fees and only submitted an affidavit by Mr. Stribling when he filed his reply brief. Although the Court could deny Plaintiff's request for attorney's fees in its entirety because Plaintiff's counsel failed to comply with D.N.M. LR-Cv 54.5, the Court finds it would be more appropriate to decrease the amount of the award of attorney's fees because of the failure to comply with D.N.M. LR-Cv 54.5. *See, e.g., Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992)(§1447(c) affords district courts great discretion and flexibility in fashioning awards of attorney's fees and costs).

In determining the amount of attorney's fees and costs to award under §1447(c), the Court performs a lodestar analysis. *See Huffman v. Saul Holdings Ltd. Partnership*, 262 F.3d

4

1128, 1134-35 (10th Cir. 2001)(an award of attorney's fees under §1447(c) must be reasonable). The lodestar method involves multiplying the reasonable hours the attorney spent working on the case by a reasonable hourly rate. *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998)(citation omitted). The party seeking attorney's fees bears the burden of showing that both the hours spent working on the case and the hourly rate are reasonable. *Id*. "Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* at 1250 (citation omitted). The district court can reduce an attorney's reasonable hours of work "if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time." *Id*. (citation omitted).

In this case, the only evidence that Mr. Stribling submitted to the Court on the issue of attorney's fees is contained in his belated affidavit. Mr. Stribling states in his affidavit that his hourly rate is $250 an hour and that he spent a total of eight hours of work on the removal and remand proceedings in this case. Mr. Stribling breaks down the eight hours of work as follows: 2.5 hours in early November 2003 for reviewing the Notice of Removal and researching the applicable law; 3.8 hours during the week of November 10-November 17, 2003 for researching and preparing the Motion to Remand; and 1.7 hours reviewing and responding to Defendant's Response to Plaintiff's Motion for Attorney's Fees.

Although Mr. Stribling's indication of the hours he spent working with respect to the removal and remand proceedings may be reasonable, those hours should be reduced for three

reasons. First, Mr. Stribling did not present the Court with contemporaneous time records nor did he give any reason for not presenting time records. Second, Mr. Stribling's affidavit is vague as to the dates and times he performed work related to the removal and remand proceedings. Third, as stated above, the Plaintiff did not comply with D.N.M. LR-Cv 54.5. The Court will, therefore, reduce Mr. Stribling's hours from eight hours to four hours.

Furthermore, Mr. Stribling has failed to explain why an hourly rate of $250 an hour is reasonable. For example, Mr. Stribling does not state how long he has been practicing law, in what area of practice he specializes, or how his hourly rate compares to the rates of other attorneys in the community who engage in his type of practice. Mr. Stribling's failure to show the reasonableness of an hourly rate of $250 an hour is sufficient cause for the Court to reduce that hourly rate to $150.00 an hour.

Interestingly, calculating Mr. Stribling's attorney's fees using the information contained in his affidavit results in attorney's fees of $2,000, $500 more than the amount of attorney's fees requested in Plaintiff's motion for attorney's fees. This discrepancy in the amount of attorney's fees further supports a finding that Plaintiff's request for attorney's fees is based on conjecture and therefore is unreasonable.

IT IS ORDERED that:

1. Plaintiff's Motion for Attorney's Fees on Motion for Remand (Doc. No. 7) is granted in part; and

    2. Defendant must pay the Plaintiff a total of $600.00 in reasonable attorney's fees, plus the applicable gross receipts tax, no later than March 31, 2004.

                                         */s/ James A. Parker*
                                    SENIOR UNITED STATES DISTRICT JUDGE